UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TREVOR TICE,

    Plaintiff,

v.                                       CASE NO. 6:25-cv-821-JA-NWH

USAA CASUALTY
INSURANCE COMPANY,

    Defendant.
_____

### ORDER

This case is before the Court on Plaintiff, Trevor Tice's motion to remand (Doc. 13) and Defendant, USAA Casualty Insurance Company's response (Doc. 18). Based on the Court's review of the parties' submissions, the motion must be denied.

I.    BACKGROUND

Plaintiff alleges that he was injured in an automobile accident in April 2024 due to the negligence of Kelley and James Rohn. (Doc. 1-1 ¶¶ 9–13). Plaintiff filed suit in state court in January 2025, naming the Rohns and Plaintiff's insurance carrier, USAA, as defendants. (*See* Doc. 1-1). Plaintiff's complaint alleges that Plaintiff and the Rohns are domiciled in Florida and that USAA is a foreign corporation. (*Id.* ¶¶ 2–5).

The parties engaged in discovery until Plaintiff voluntarily dismissed the Rohns on April 10, 2025, leaving USAA as the sole defendant. (*See* Doc. 13-11). Two weeks later, USAA noticed Plaintiff's deposition in state court, and the deposition was conducted on May 5, 2025. (Doc. 13-12). On May 9, 2025, USAA removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b)(3). (Doc. 1).

In the motion to remand, Plaintiff argues that USAA waived its removal rights "by aggressively defending this case in [s]tate [c]ourt" and that by removing the case to this Court, USAA has engaging in "form [sic] shop[ping]." (Doc. 13 at 2). Plaintiff does not otherwise challenge the merits or timeliness of the removal. USAA argues that it did not waive its removal rights because it never sought affirmative relief in state court. (Doc. 18 at 4).

## II.   LEGAL STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." Where the initial pleading is removable on its face, 28 U.S.C.

§ 1446(b)(1) requires removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based." Otherwise, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

"A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting Charles A. Wright, et al., 14B *Federal Practice & Procedure* § 3721 (2003)). Courts in this district have clarified that "[a] defendant is only deemed to have waived its right to remove if, after the right to remove is apparent, it takes 'clear and unequivocal actions' in state court that manifest its intent to have the matter adjudicated there." *Del Rio v. Scottsdale Ins. Co.*, No. 6:05-cv-1429-Orl, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005) (quoting *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000)). "Whether the state court defendant ha[s] waived his right to remove based on 'active participation must be [determined] on a case-by-case basis.'" *Yusefzadeh*, 365

3

F.3d at 1246 (quoting *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999)).

## III. DISCUSSION

Plaintiff claims that USAA waived its removal rights because after the case became removable, USAA noticed and took Plaintiff's deposition while the case was pending in state court.[1] (*See* Doc. 13-12; Doc. 13-14). Plaintiff posits that the "subjection" of a plaintiff "to the crucible of questioning by counsel" during a deposition "cannot seriously be argued as being anything other than an engagement . . . on the merits of the case." (Doc. 13 at 5). In response, USAA argues that after the case became removable, USAA "maintained the status quo" by "participat[ing] in ongoing discovery"—including taking Plaintiff's deposition—and that a defendant's engagement in discovery is distinguishable from seeking affirmative relief from the state court. (Doc. 18 at 3–4).

Plaintiff cites several cases that he claims support his argument that USAA waived its removal rights by scheduling and taking Plaintiff's deposition. *See Choi v. Ace Am. Ins. Co.*, No. 4:21-CV-10020, 2021 WL 2953630 at *3 (S.D.

---

[1] Plaintiff also cites USAA's counsel-to-counsel email inquiry about scheduling an "early mediation," (Doc. 13-14), as well as actions taken in state court by USAA and the Rohns before this case became removable, (Doc. 13 at 3–4). But Plaintiff provides no legal argument or authority as to how these actions "clear[ly] and unequivocal[ly]" evince USAA's intent to litigate in state court. *Del Rio*, 2005 WL 3093434, at *5. Thus, these arguments must be rejected. *See Pauly v. Hartford Ins. Co. of the Midwest*, No. 2:23-cv-259, 2024 WL 341178, at *2 (M.D. Fla. Jan. 29, 2024) (rejecting a line of argument as "unsupported and illogical").

4

Fla. June 29, 2021) (finding that a defendant's "non-dispositive, preliminary action" does not waive removal rights and is "not comparable to a substantive motion that addresses the merits of the case and thereby clearly demonstrates the intent to litigate"), *report and recommendation adopted*, No. 21-10020-CIV, 2021 WL 2954639 (S.D. Fla. July 14, 2021); *Cook v. Bank of N.Y. as Tr. for Certificateholders CWALT, Inc. Alternative Loan Tr. 2006-OA6 Mortg. Pass-Through Certificates, Series 2006-OA6*, No. 21-CV-80582, 2021 WL 2598340 at *4 (S.D. Fla. June 8, 2021) (finding that waiver does not occur where "[d]efendant took only defensive actions or steps to maintain the status quo"), *report and recommendation adopted sub nom., Cook v. Bank of N.Y.*, No. 21-CV-80582, 2021 WL 2589091 (S.D. Fla. June 24, 2021); *Advanced Constr. & Renovation, Inc. v. Mt. Hawley Ins. Co.*, No. 17-61080-CIV, 2018 WL 797073 (S.D. Fla. Feb. 9, 2018) (explaining that the defendant did not waive its right to removal by filing an answer to the complaint and a demand for jury trial); *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1361 (S.D. Fla. 2000) (concluding that no waiver occurred where the defendants filed post-trial motions in state court because defendants were "protecting their rights" in state court); *Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469 (M.D. Fla. 1993) (determining that waiver of removal rights occurred when the defendant scheduled a hearing on its motion to dismiss); *Somoano v. Ryder Sys., Inc.*, 985

F. Supp. 1476 (S.D. Fla. 1998) (same); *Grau v. Unum Life Ins. Co. of Am.*, No. 03-60258-CIV, 2003 WL 27165335 (S.D. Fla. Mar. 20, 2003) (same).

None of Plaintiff's cited cases hold that serving a deposition notice, taking a deposition, or otherwise engaging in discovery amounts to a waiver of the right to remove. As with the defendants in *Choi* and *Cook*, who were not found to have waived their removal rights, USAA continued to participate in the ongoing litigation after the case became removable but did not take steps to secure substantive relief from the state court. In contrast, the defendants in *Scholz*, *Somoano*, and *Grau* were found to have waived their removal rights by scheduling dispositive motions for hearings in state court—conduct that demonstrates an intent to litigate the merits in state court.

Based on its assessment of the allegations in this case, the Court is persuaded that USAA "ha[s] not clearly and unequivocally indicated an intent to litigate in state court by serving notice of [the plaintiff's] deposition[], but rather [USAA took a] preliminary action . . . which arguably preserves the status quo." *Dial v. Healthspring of Ala., Inc.*, 501 F. Supp. 2d 1348, 1360 (S.D. Ala. 2007), *rev'd on other grounds*, 541 F.3d 1044 (11th Cir. 2008). The doctrine of waiver serves several purposes, but as relevant here, it is intended to prevent a defendant from using the prospect of removal to strategically obtain "two bites at the apple"—first by testing the merits in state court, and then by removing

6

the case to federal court if the outcome in state court appears unfavorable. *See Welcome v. Mabus*, No. 3:15-CV-121, 2016 WL 5079301, at *12 (N.D. Fla. Aug. 22, 2016) (discussing the purpose of the waiver doctrine). These concerns are not implicated here. *See Dial*, 501 F. Supp 2d at 1360 ("[T]he act of filing a notice of deposition in state court does not indicate an intent to litigate on the merits in state court but rather an intent to begin the discovery process: a necessary part of litigation in either [state or federal] court."). Thus, the motion to remand must be denied.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** that Plaintiff's motion to remand (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on July 9, 2025.

> JOHN ANTOON II
> United States District Judge

Copies furnished to:
Counsel of Record

7